UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JAIME SANTIS SANTIS,
Petitioner,
v.
CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 3:26-cv-04416-RBM-MSB

**ORDER STAYING CASE AND REQUIRING STATUS REPORT**

**[Doc. 1]**

Before the Court is Petitioner Jaime Santis Santis's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his immigration detention. (Doc. 1.) Because Petitioner's bond hearing under 8 U.S.C. § 1226(a) is scheduled for August 13, 2026, and because Petitioner should first exhaust that remedy, the Court **STAYS** this case.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection in or about 2005. (*Id.* ¶ 26.) Petitioner has resided here continuously since then and has an Application for Asylum and for Withholding of Removal pending before United States Citizenship and Immigration Services. (*Id.* ¶ 27.) In connection with that Application, the Department of Homeland Security ("DHS") granted Petitioner employment authorization valid through July 23, 2030. (*Id.* ¶¶ 28–30.)

On or about May 26, 2026, Petitioner was stopped during a routine traffic stop in Florida. (*Id.* ¶ 31.) During that stop, state law enforcement contacted immigration authorities, who subsequently arrested Petitioner and took him into immigration custody. (*Id.*) Petitioner was then transferred to Otay Mesa Detention Center, where he remains today. (*Id.* ¶ 32.) "DHS has requested a bond hearing for Petitioner which is scheduled for August 13, 2026." (Doc. 4 at 2.)

On August 3, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule that same day. (Doc. 2.) Respondents filed their Response to Petition on August 10, 2026. (Doc. 4.) Petitioner filed his Traverse on August 11, 2026. (Doc. 5.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. (Doc. 1 ¶¶ 53–64.) Respondents argue that: (1) because DHS has requested a bond hearing, Petitioner "is lawfully detained under 8 U.S.C. § 1226(a) and is receiving the relief to which he is entitled;" (2) the Petition is moot; and (3) Petitioner should first be required to exhaust available remedies. (Doc. 4 at 2–3.)

The Parties agree that Petitioner is detained under § 1226(a). *See Rodriguez Vazquez v. Bostock*, — F. 4th —, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (concluding that noncitizens "present without admission who are apprehended in the interior of the United

States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). The Parties disagree as to whether § 1226(a), and Respondents' non-compliance with its procedures when they initially detained Petitioner, compels immediate release. (*See* Doc. 4 at 2–3; Doc. 5 at 3–6, 10–13.)

Petitioner correctly notes that this Court has previously concluded that "immediate release, rather than a bond hearing, is the appropriate remedy" when a petitioner is detained without a pre-deprivation hearing. (Doc. 5 at 11 (citing *Garcia-Gonzalez v. LaRose*, No. 3:26-cv-04248-RBM-DDL, ECF No. 6 (S.D. Cal. Aug. 4, 2026)).) The petition in *Garcia-Gonzalez*, though, was filed before the Ninth Circuit's decision in *Rodrigez Vasquez*, and the respondents there failed to contest the petitioner's assertion that a bond hearing would be futile. Here, Respondents represent that they have scheduled a bond hearing for Petitioner for August 13, 2026. (Doc. 4 at 2.) The immigration judge at that bond hearing, no longer bound by *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), will order Petitioner released if Petitioner demonstrates by a preponderance of the evidence that he is not a flight risk or danger to the community. *Rodriguez Vasquez*, 2026 WL 2196424, at *5 (citing *Rodriguez-Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)); *see also Pena v. Casey*, Case No. 26-cv-04382-BAS-AHG, 2026 WL 2281003, at *1–2 (S.D. Cal. Aug. 7, 2026) ("Given her long history in the United States and lack of a criminal record, this Court finds it likely that an Immigration Judge will find she has so demonstrated, but that is a determination delegated to the Immigration Court.").

Therefore, a bond hearing is no longer futile such that the Court would find it appropriate or necessary to waive the prudential exhaustion requirement. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (requiring, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241"), *abrogated on other grounds by Fernandez-Vargas v. Gonzalez*, 548 U.S. 30 (2006). Given the potential for Petitioner to obtain relief at the bond hearing, the fact that the bond hearing is only two days away, and the Ninth Circuit's instruction that district courts "should either dismiss the petition without prejudice or stay the proceedings

until the petitioner has exhausted remedies," *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), the Court finds it appropriate to **STAY** this case.

## IV. CONCLUSION

For the foregoing reasons, the case is **STAYED**. Additionally, the Parties **shall file** a Joint Status Report on or before **August 17, 2026**. The Joint Status Report shall include: (1) whether and when Petitioner received a bond hearing; (2) the outcome of that hearing; and (3) the Parties' position as to whether the habeas petition is now moot.

**IT IS SO ORDERED.**

DATE: August 12, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE